UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE 2ND CHANCE INVESTMENT GROUP,<br><br>　　　　　　　　　Debtor. | Case No. 8:25-cv-00634-FLA<br>Case No. 8:22-bk-12142-SC<br><br>**ORDER TO SHOW CAUSE WHY APPELLANT GEOFF TRAPP IS ENTITLED TO REPRESENT CLOTEE DOWNING** |

　　　　On November 20, 2024, Appellant Geoff Trapp ("Appellant" or "Trapp"), purportedly acting as next friend on behalf of Clotee Downing ("Downing"), filed before the United States Bankruptcy Court for the Central District of California ("Bankruptcy Court") an Omnibus Motion for Appointment of Pro Bono Counsel and for Relief from Order Authorizing Sale of Real Property ("Omnibus Motion").  Dkt. 1-1 at 58.[1]

　　　　On March 10, 2025, the Bankruptcy Court denied Downing's Omnibus Motion on the grounds that "Trapp … has failed to provide evidence that he is authorized and legally permitted to represent Ms. Downing before [the Bankruptcy Court]."  *Id.* at 4.

---

[1] The court cites documents by the page numbers added by the court's CM/ECF System, rather than any page numbers included natively.

1

The Bankruptcy Court further noted that, as a non-attorney, Trapp was ineligible to practice law, and that he had not been appointed a next friend, guardian *ad litem*, or a conservator for Downing. *Id.* Trapp filed the instant appeal of the Bankruptcy Court's ruling on March 31, 2025. *Id.*

Pursuant to Federal Rule of Civil Procedure 17(c)(2), "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). However, a "'next friend' does not himself become a party to the ... action in which he participates, but simply pursues the cause on behalf of the [person unable to litigate his or her own cause], who remains the real party in interest." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). The "action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1).

> [T]o establish next-friend standing, the putative next friend must show: (1) that the petitioner is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability; and (2) the next friend has some significant relationship with, and is truly dedicated to the best interests of, the petitioner.

*Coal. of Clergy, Laws., & Professors v. Bush*, 310 F.3d 1153, 1159–60 (9th Cir. 2002). "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Whitmore*, 495 U.S. at 164.

Moreover, an incapacitated person appearing through a next friend "would have to be represented by counsel." *Hinojosa v. Warden*, SATF/SP, Case No. 2:22-cv-01780-DB-P, 2023 WL 2874169, *2 (E.D. Cal. Apr. 10, 2023). "Although a non-attorney may appear in propria persona in his own behalf, that privilege is personal to him." *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). A non-attorney "has no authority to appear as an attorney for others than himself" or herself. *Id.* "This rule applies even when a non-lawyer seeks to represent a family member who is a minor or incompetent." *Rosales v. Idaho Dep't of Health &*

*Welfare*, 2022 WL 17749262, *1 (9th Cir. Dec. 19, 2022); *see also Johns v. County of San Diego*, 114 F.3d 874, 876–77 (9th Cir. 1997) ("It goes without saying that it is not in the interest of minors or incompetents that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected.") (citation omitted); *Complot v. JPMorgan Chase Bank*, 2023 WL 8234271, at *2–3 (D. Ariz. Nov. 28, 2023) (striking complaint by non-attorney attempting to bring claims *pro se* on behalf of his incapacitated wife in a next friend capacity.).

  The court is presently unable to determine whether Trapp is eligible to represent Downing.  Accordingly, the court ORDERS Trapp to SHOW CAUSE, within thirty (30) days of the date of this Order, why he should be permitted to represent Downing.  Failure to respond timely may result in the dismissal of this action.

  Appellant is advised that the court has a Pro Bono Limited-Scope Representation Pilot Program.  More information is available at: https://www.cacd.uscourts.gov/attorneys/pro-bono/pro-bono-limited-scope-representation-pilot-program.

  IT IS SO ORDERED.

Dated: September 25, 2025

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge